IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:09CR108** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **AMENDED** |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **VICENTE VELASQUEZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the government's objections thereto (Filing No. 25). *See* "Order on Sentencing Schedule," ¶ 6.[1]  The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The government objects to ¶ 37 as outside the plea agreement, which recommends a drug quantity of at least 10 but less than 20[2] grams of a mixture or substance containing methamphetamine.  The PSR concludes that the appropriate amount is 5.13 grams of actual methamphetamine.  The Court's tentative findings are that, absent unusual circumstances, the plea agreement should be upheld and the base offense level should be calculated under U.S.S.G. § 2K2.1.

---

[1] The Defendant objected informally to the probation officer according to the Addendum to the PSR.  However, the Defendant did not file objections with the Court as required under ¶ 6 of the sentencing schedule.

[2] The original Tentative Findings stated 10 as opposed to 20 grams.

IT IS ORDERED:

1. The Court's tentative findings are that the government's objections (Filing No. 25) to the PSR are granted;

2. The parties are notified that my tentative findings are that the PSR is correct in all other respects;

3. If **any** party wishes to challenge these tentative findings, the party shall file, as soon as possible but in any event before sentencing, and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 3rd day of August, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge